```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**VFS LEASING CO.,**

      **Plaintiff,**

**v.**                                                  **Civil Action No. 2:16-cv-09535**

**WEST FORK COAL, LLC,**
**THOMAS GRANT, and**
**DANIEL BUNN,**

      **Defendants.**


<u>**MEMORANDUM OPINION AND ORDER**</u>

This memorandum opinion and order concerns the following pending motions: (1) plaintiff's motion for default judgment, insofar as it seeks judgment against Daniel Bunn, filed on December 14, 2016, and (2) the motion of defendant Daniel Bunn to set aside the entry of default as to him and in opposition to plaintiff's motion for default judgment as to him, filed on December 22, 2016.

On October 7, 2016, plaintiff instituted this action. On October 12, 2016, a summons was issued, indicating an Arizona address for defendant Bunn, and on October 20, the Secretary of State of West Virginia sent the summons to that address.  On

1

November 18, the Clerk entered default against Bunn, after plaintiff requested it on November 17.

In its memorandum in support of motion for default judgment (ECF No. 20) and subsequent response to defendant Bunn's motion (ECF No. 24), plaintiff contends, inter alia, that:

1. Defendant Bunn was served through the West Virginia Secretary of State;

2. Bunn's transacting of business in West Virginia was sufficient to appoint the Secretary of State as his agent; and

3. The service was proper because a credit report showed an Arizona address and an agent signed to accept service.

In Bunn's motion (ECF No. 22) and in his subsequent reply (ECF No. 25) and supporting affidavit (Exhibit A thereto), he contends that he does not reside in Arizona but resides in California. He further contends that no one was authorized to accept service for him at the Arizona address, that the signature of whomever purported to sign for him is unintelligible, that the

person signing is unknown to him, and that service was therefore improper.[1]

Federal Rule of Civil Procedure 55(c) provides pertinently as follows: "For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). Our court of appeals has observed as follows respecting requests to set aside defaults:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). In assessing these factors, it is noteworthy that in the related context of default judgment set asides our court of appeals has observed that "over the years . . . [it has] taken an increasingly liberal view of Rule 60(b) . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988).

---

[1] Bunn further maintains that the court lacks personal jurisdiction over him.

3

The first _Payne_ factor weighs in favor of granting Bunn's motion because the affidavit states that he does not reside in Arizona, and the guaranty agreement on which this suit against him is based indicates a California address. He claims as well that he is not amenable to suit in this jurisdiction.

The other _Payne_ factors also weigh in favor of granting his motion. Bunn moved promptly for relief from default, about a month after the entry of default by the Clerk. Moreover, no cognizable prejudice to plaintiff has been demonstrated (a mere recitation of relief requested not amounting to such special prejudice). Finally, there is no history of dilatoriness on Bunn's part.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That plaintiff's motion for default judgment as to defendant Bunn be, and it hereby is, denied;

2. That defendant Bunn's motion to set aside default be, and it hereby is, granted; and

3. That the entry of default against defendant Bunn be, and it hereby is, vacated and set aside.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: September 27, 2017

*John T. Copenhaver, Jr.*
John T. Copenhaver, Jr.
United States District Judge